## IN RE McCOY'S ESTATE.

McCOY, Appellant, v. McCOY, Respondent.

(228 N. W. 376.)

(File No. 6747. Opinion filed December 31, 1929.)

*McCoy & McCoy,* of Huron, for Appellant.

*Hagen & Hagen,* of Huron, for Respondent.

CAMPBELL, J. John H. McCoy died in Beadle county, S. D., on November 13, 1925, being a resident of said county and leaving estate therein. In July, 1926, proponent instituted a proceeding in the county court of Beadle county to establish as a lost will, and have admitted to probate, a certain will which proponent claimed was executed by the decedent about the month of Septem-

ber, 1918, and which proponent maintained was effective and unrevoked up to and until the death of decedent, but could not be found. The contestant, Elmer McCoy, appeared by his guardian in the county court and contested said proceedings, but the county court held with the proponent, and made and entered its judgment and certificate establishing the lost will, and admitted the same to probate. Thereupon the contestant appealed to the circuit court, where the matter was heard de novo and the circuit judge made findings and conclusions and entered judgment in favor of the contestant and against the proponent. From this judgment and from an order denying his motion for new trial, proponent has now appealed.

Section 3213, Rev. Code 1919, provides for taking proof of the execution and validity of a lost or destroyed will and the establishment thereof, and section 3214, Rev. Code 1919, reads as follows:

*"Special Requisites of Proof.* No will shall be proved as a lost or destroyed will, unless the same is proved to have been in existence at the time of the death of the testator, or is shown to have been fraudulently destroyed in the lifetime of the testator, nor unless its provisions are clearly and distinctly proved by at least two credible witnesses."

Section 3214, Rev. Code 1919, has been the law of this state since the adoption of the Territorial Code of 1877, wherein it appears as section 39 of the Probate Code. It was taken from section 1339, California Code of Civil Procedure 1872, in which state it still continues with the addition of a special legislative act, originating after the San Francisco fire, providing for proof of wills destroyed by a public calamity. See section 1339, Cal. Code Civil Procedure, as amended by Stats. and Amdts. 1907, p. 122. The same statute exists in Minnesota as section 7280, General Statutes 1913, and the interpretation thereof is by no means free from perplexities and doubt. See 26 Cal. Jur. p. 1056 et seq., Re Estate of Havel, 156 Minn. 253, 194 N. W. 633, 34 A. L. R. 1300, and note 34 A. L. R. 1304.

A number of questions are presented by this appeal, some of them of no little difficulty, but one proposition we think is decisive of the case. Regardless of any doubts which may arise with regard to the interpretation of section 3214, Rev. Code 1919, it seems clear

beyond dispute from the last clause thereof that in any and every case, before a will can be proved as a lost will, it is essential that "its provisions are clearly and distinctly proved by at least two credible witnesses." We have recently had occasion to point out that in the matter of establishing a lost will there is required perhaps a stronger degree of proof than mere preponderance of the evidence. See Re Tjarks' Estate (State v. Niewenhuis), 56 S. D. —, 227 N.W. 84. In the instant case the findings of fact are considerably intermingled with the conclusions of law, and some matters which are properly findings of fact are denominated as conclusions of law. It is clear, however, that the learned circuit judge found, in substance, at least the following facts: First, that the decedent did make a will some time during the year 1918; second, that said will was never found at or after the time of his death; third, that the will so made was intentionally revoked and destroyed by the decedent during his lifetime, and was not in existence, either physically or in contemplation of law, at his death; fourth, that said will was not lost or fraudulently destroyed during the lifetime of testator; fifth, that the provisions of said will have not been clearly and distinctly proved by at least two credible witnesses.

There appears to have been some question in the mind of the circuit judge as to the competency of some of the testimony offered by proponent for the purpose of establishing the contents and provisions of the will sought to be probated. All the offered evidence was received, however, and none of it was thereafter stricken from the record. We have carefully examined all the evidence offered by proponent with reference to the fact and circumstances attendant upon the execution of the will and the contents and provisions thereof. Conceding the competency of all the testimony offered, we are by no means able to say that there is a clear preponderance against the finding of the trial court that the provisions of the will were not established to the degree required by the statute. In fact, we think the trial judge was correct in so finding.

We believe that no good purpose would be served by setting out the testimony regarding this matter or commenting thereon. If the provisions of the will were not clearly and distinctly proved in the manner and to the degree required by statute, and we think they were not, other questions presented and argued in the briefs need not be considered.

The judgment and order appealed from must be, and they are, affirmed.

POLLEY, BURCH, and BROWN, JJ., concur.

SHERWOOD, P. J., absent and not sitting.